UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COURTNEY BESECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00112-TWP-DML |
| | ) |
| FRANK LOOP, | ) |
| B. REARDON, | ) |
| ZACHARY SCHAEFER, | ) |
| ROY WASHINGTON, | ) |
| COURTNEY NICHOLS, | ) |
| MARLENA BEACRAFT, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

This matter is before the Court on Plaintiff Courtney Besecker's ("Besecker") Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 61.) On July 21, 2021, Besecker initiated this civil rights action against Defendants Frank Loop, Brandon Reardon, Zachary Schaefer, (collectively the "Jail Defendants") and Roy Washington, Courtney Nichols, and Marlena Beacraft, (collectively the "Medical Defendants"). Both the Medical Defendant and Jail Defendants oppose the Motion, (Dkt. 62, Dkt. 63). For the reasons that follow, Besecker's Motion is **denied**.

### I. BACKGROUND

Besecker is a former pretrial detainee at Floyd County Jail (the "Jail") in New Albany, Indiana. (Dkt. 1 ¶ 10.) She initiated this civil rights suit against various Floyd County medical and jail officials alleging she suffered a miscarriage due to their objectively unreasonable medical treatment after she was arrested and booked into the Jail. *Id.* ¶ 1. Defendant Loop was the Floyd County Sheriff, Reardon and Schafer are officers at the Jail; Washington was the medical director

at the Jail, Beacraft and Nichols were nurses at the Jail. Beacraft and Nichols filed a Motion for Partial Judgment on the Pleadings on October 11, 2021, (Dkt. 24), which the Court later denied on June 9, 2022, (Dkt. 55). The Case Management Plan was approved on October 14, 2021 and set forth the following deadlines:

>  -To amend pleadings or to join additional parties: **December 13, 2021**.
> -Non-expert witness discovery and discovery relating to liability: **April 13, 2022**.
> -Dispositive Motions: **July 13, 2022**.

(Dkt. 27). Besecker did not file a motion to amend or join additional parties by the December 13, 2021 deadline. On March 16, 2022, the Court set this matter for trial by jury to begin on April 10, 2023 and final pretrial conference on March 15, 2023 (Dkt. 47).

The parties jointly moved on April 13, 2022 for an extension of the pretrial deadlines related to (1) non-expert witness discovery and discovery relating to liability, and (2) dispositive motions. (Dkt. 51.) Though they had engaged in extensive discovery, significant liability discovery remained in the case due to the breadth of evidence available from a number of different sources. *See id*. at 3. On April 20, 2022, the Court granted their motion and reset the deadlines as follows:

> -Non-expert witness discovery and discovery relating to liability: **June 12, 2022**.
> -Dispositive Motions: **September 11, 2022**.

(Dkt. 52).

Months later, on June 13, 2022, Besecker filed a motion for an extension of the amended deadlines (Dkt. 57). The crux of this motion was that she could not depose defendants until she received policies and procedures from Advanced Correctional Healthcare, Medical Defendants' employer. The Medical Defendants objected to this extension. (Dkt. 59.) They argued that Besecker had ample time to conduct discovery, and an extension was not warranted. *Id.* Over the Medical Defendants' objection, the Court granted Besecker's motion and extended the non-expert

witness and discovery relating to liability deadline to July 28, 2022, leaving approximately forty-five days until any dispositive motions were due. (Dkt. 60.)

Besecker filed this motion to voluntarily dismiss this action on July 6, 2022. (Dkt. 61.) She also filed a new action the same day, adding additional claims and fourteen new defendants. *See Besecker v. Loop, et al.*, No. 4:22-cv-00084-SEB-DML (S.D. Ind. 2022). That action remains pending.

Since Besecker's motion has been filed, the Medical Defendants and Jail Defendants have filed Motions for summary judgment. (Dkts. 81 and 88.) The final pretrial conference in this matter remains set for March 15, 2023, and the trial remains set for April 10, 2023. (Dkt. 47.)

## II. DISCUSSION

Besecker filed this lawsuit while she was incarcerated, thus it is subject to the constraints of 42 U.S.C. § 1997(e), the Prison Litigation Reform Act ("PLRA"). While Defendants did not plead the PLRA as an affirmative defense and have not raised a PLRA defense during this litigation, "out of an abundance of caution" Besecker moves to voluntarily dismiss this case and pursue this litigation in a related action. (Dkt. 61 at 2.) The Defendants oppose the Motion, arguing that Besecker's concern for potential PLRA defenses is moot, dismissing this case and refiling a new one is a waste of judicial economy, and the parties' resources; and alleging Besecker seeks to get around the case management deadlines that have already passed in this case for amending the pleadings and disclosing expert testimony. (Dkts. 62, 63, 64.)

Rule 41(a) authorizes voluntary dismissal of actions. *See* Fed. R. Civ. P. 41(a). An action may be dismissed without a court order where the plaintiff files a notice of dismissal before the opposing party serves an answer or motion for summary judgment or where the parties file a joint

3

stipulation of dismissal. Fed. R. Civ. P. 41(a)(1). However, if none of those circumstances are present, an action may only be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A Rule 41(a)(2) dismissal is allowed at the court's discretion. *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). Dismissal should be allowed unless Defendants will suffer some plain legal prejudice other than the prospect of a second suit. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Rule 41(a)(2) applies here as Defendants had already served their answers. (Dkts. 20, 32.)

In determining whether dismissal is proper, the court may consider the defendants' efforts and expense of preparation for trial, the delay and diligence on the part of the plaintiff in prosecuting the action, the explanation for the need to dismiss the action, and the fact that a motion for summary judgment has been filed. *Pace v. Southern Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969), *cited with approval in Fluker v. County of Kankakee*, 741 F.3d 787, 794 – 95 (7th Cir. 2013). The Court analyzes each of the factors.

A.    **Defendants' Efforts and Expense of Preparation for Trial**

Defendants have expended time, effort and expense in preparing this matter for the April 2023 trial. Discovery has been authorized since October 14, 2021, (*see* Dkt. 27), and Defendants provided their initial disclosures by October 22, 2021. *Id.* ¶ III.A. Defendants filed their preliminary witness lists on November 12, 2021, (Dkt. 34), and December 15, 2021, (Dkt. 38), and there has already been extensive discovery exchanged in this case. *See* Dkt. 62 ¶ 7 ("Defendants have conducted written discovery, sent non-party requests for production to over 45 different entities, taken Plaintiff's deposition, and have disclosed expert testimony."). In short, this factor weighs in favor of Defendants.

B.   **The Delay and Diligence on the Part of the Plaintiff in Prosecuting the Action**

This factor favors Defendants. On the one hand, Besecker has prosecuted the action with some degree of diligence. On July 6, 2022, the same day she filed her Motion for Voluntary Dismissal, Besecker filed the new Complaint in the U.S. District Court, Southern District of Indiana, New Albany Division. *See* 4:22-cv-00084-SEB-DML (Dkt. 1). The new case was filed within the statute of limitations. Concerning the delays, on April 13, 2022, the parties jointly agreed to move to extend the deadlines. (Dkt. 51.) A further delay was caused when Besecker's counsel was out of the office due to previously-scheduled business and personal travel, and a subsequent COVID-19 infection. (Dkt. 57.)

On the other hand, however, this case was nearly one year old when the present motion was filed, and discovery was nearly closed—discovery closed on July 28, 2022 (after an extension), and the motion was filed on July 6, 2022. *See Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1995) (district court did not abuse its discretion in denying plaintiff's motion to voluntarily dismiss where discovery had already been well underway); *Fluker*, 741 F.3d at 794 – 95 (district court did not abuse its discretion by denying motion to voluntarily dismiss where the court had spent time on the case during discovery and the plaintiffs had been granted six motions for an extension of time).

The Court is also concerned that the deadline to amend the pleadings and join additional parties in this action was December 13, 2021, and Besecker never sought leave to amend but added fourteen new defendants in the newly filed action. *See Besecker v. Loop, et al.*, No. 4:22-cv-00084-SEB-DML (S.D. Ind. 2022). Additionally, Besecker was released from the Jail in July 2021. (Dkt. 62 at ¶ 7; *see also* Dkt. 89-8 at 10–11.) There was plenty of time to dismiss this suit

5

and re-file, yet Besecker waited until discovery was nearly closed before seeking to dismiss this action. Accordingly, the delay and diligence factor favors Defendants.

C.     **The Explanation for the Need to Dismiss the Action**

In considering Besecker's explanation for the need to dismiss the action, the Court assigns the greatest weight to this factor, which strongly favors Defendants. Besecker contends that dismissal is appropriate, "so that she may refile without the constraints of the PLRA". (Dkt. 61.) However, Defendants have not asserted any defense related to the PLRA, and no such defense is before the Court. Besecker even admits this in her motion: "While Defendants did not plead the PLRA as an affirmative defense and have not raised a PLRA defense during this litigation, Besecker makes this motion out of an abundance of caution." *Id.* at 1. This reason—without more—is insufficient to justify dismissal, especially since no Defendant has raised the PLRA's exhaustion requirement as a defense to suit. *See* Dkt. 62 at 2 ¶ 4 ("No Defendant is seeking to hold Plaintiff to the exhaustion requirements of the PLRA[.]"). It is true that the PLRA has other constraints. Besecker makes passing reference to some of these in her Reply. ("The PLRA also limits recovery of damages, the relief that can be granted, and attorney's fees." (Dkt. 65 at 1.).) But these arguments were not raised in Besecker's opening brief and she has not developed how those limitations would apply in *this* case. Moreover, Besecker has added new defendants in her recently filed lawsuit. In their supplemental response, the Medical Defendants argue:

> The filing of a new, identical lawsuit adding new parties to this case, shows that Plaintiff's Motion for Voluntary Dismissal has nothing to do with getting around the constraints of the Prison Litigation Reform Act, the stated reason for the necessity of voluntary dismissal. That reasoning is proven illusory by Plaintiff's addition of new parties within the new lawsuit. It is clear Plaintiff seeks to get around the deadlines that have already passed in this case for amending the pleadings and disclosing expert testimony, as opposed to any alleged constraints from the PLRA.

6

(Dkt. 64 at 2). The Court is reasonably concerned that one of the reasons for dismissing this action is to add parties that Besecker did not timely seek leave to add in this case. Accordingly, this factor strongly weighs in favor of Defendants.

D.  **The Fact a Summary Judgment Motion has been Filed**

Besecker filed her Motion For Voluntary Dismissal on July 6, 2022 (Dkt. 61) and the motions for summary judgment were not filed until September 29, 2022 (Dkt. 81) and October 13, 2022 (Dkt. 88). The Court notes, that the summary judgment motion is presently fully briefed and ripe for ruling. But this factor weighs in favor of Besecker because no summary judgment motions had been filed when she docketed her motion to dismiss.

E.  **Balancing of Factors**

Here, the *Pace* factors lead the Court to deny Besecker's voluntary motion to dismiss. The key factor is that Besecker's stated reason for dismissal—to refile without the constraints of the PLRA— is insufficient. Further, Defendants have expended a considerable amount of expense and preparation for trial and discovery was nearly closed when the motion was filed. *Cf. Riggs v. Sonney*, No. 1:13-cv-9291, 2017 WL 2936697, at *3 (N.D. Ill. July 10, 2017) (permitting Plaintiff to voluntarily dismiss action to avoid PLRA's constraints where there had "been relatively little preparation for trial" and no discovery had been taken). And the Court has an interest in keeping this matter on track for its set trial date in April 2023. *Equal Employment Opportunity Commission v. Wal-Mart Stores, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022) ("District Courts must be able to enforce deadlines to effectively manage their docket."). These reasons outweigh Besecker's reasons for dismissal, and so her motion is **denied**.

### III.  CONCLUSION

For the reasons explained above, Besecker's Motion for Voluntary Dismissal , Dkt. [61], is **DENIED**.

**SO ORDERED.**

Date:  1/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Aaron J. Bentley
abentley3b@gmail.com

Gregory A. Belzley
BELZLEY, BATHURST & BENTLEY
gbelzley3b@gmail.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY LLP (New Albany)
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY LLP (New Albany)
wwood@k-glaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com